# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 4:05CR63-P-B

ROBERT STEVENSON

## ORDER

This cause is before the Court on the defendant's Motion to Suppress Evidence and to

Dismiss Indictment [18].  The Court, having reviewed the motion and being otherwise fully

advised in the premises, finds as follows, to-wit:

That the motion is not well-taken and should be denied for the reasons articulated in the

Court's bench ruling at the conclusion of the suppression hearing held on September 9, 2005,

e.g., that the search of defendant's vehicle which resulted in the discovery of cocaine base took

place following his arrest on outstanding warrants.  Accordingly, the search occurred as an

incident to a lawful arrest.  United States v. Rich, 791 F.2d 1162, 1170 (W.D. Tex. 1992).  See

also New York v. Belton, 453 U.S. 454 (1981).  As a further matter, Officer Emmitt Jenkins

testified credibly that a wrecker was called to the scene and that the impound of the vehicle upon

defendant's arrest required that the officers conduct an inventory search.  He further testified that

the inventory search of the vehicle and its contents as in accord with the standard operating

procedures of the Greenville Police Department.  South Dakota v. Opperman, 428 U.S. 364, 372

(1976).  Based on the foregoing facts and law, the search of defendant's vehicle fell within well-

recognized exceptions of the warrant requirement.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Suppress Evidence and to Dismiss Indictment [18] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 20th day of December, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE